IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF JUSTICE OF THE COMMONWEALTH OF PUERTO RICO,<br><br>　　　　Defendant. | COMPLAINT AND<br><br>DEMAND FOR JURY TRIAL<br><br><br>CIVIL ACTION NO. |

## COMPLAINT

NOW COMES Plaintiff, United States of America, represented by the undersigned counsel, and respectfully alleges, upon information and belief:

1. This action is brought by the United States, (hereinafter "Plaintiff"), against the Department of Justice of the Commonwealth of Puerto Rico, (hereinafter "Defendant"), to enforce the statutory and regulatory provisions of title I of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111 *et seq.*, which incorporates, through 42 U.S.C. § 12117, the powers, remedies and procedures set forth in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5.

2. This Court has jurisdiction of the action under 42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ 1331 and 1345. This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117.

3. Defendant is an agency created under the laws of the Commonwealth of Puerto Rico.

4. Defendant is a person within the meaning of 42 U.S.C. § 12111(7) and 42 U.S.C. § 2000e(a).

5. Defendant is an employer within the meaning of 42 U.S.C. §§ 12111(5) and 2000e(b), and a covered entity within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2.

6. Marisol Casanova-Guzman is an individual with a disability within the meaning of 42 U.S.C. § 12102 and 29 C.F.R. § 1630.2. Ms. Casanova-Guzman has paraplegia, uses a wheelchair, and is substantially limited in the major life activity of walking.

7. At all times relevant to this Complaint, Ms. Casanova-Guzman has been employed by Defendant as a Coordinator in the Victim and Witness Assistance Division. Her direct supervisor is, and has always been, Dr. Sonia Sierra, Director of the Victim and Witness Assistance Division at the Department of Justice of the Commonwealth of Puerto Rico.

8. At all times relevant to this Complaint, Defendant has known that Ms. Casanova-Guzman is an individual with a disability and uses a wheelchair for mobility.

9. From approximately 2001 through February 2009, Ms. Casanova-Guzman worked for Defendant at its District Attorney's Office in San Juan, Puerto Rico (la Fiscalía de San Juan).

10. In approximately 2006, Dr. Sonia Sierra informed Ms. Casanova-Guzman that she was considering a plan to transfer Ms. Casanova-Guzman's office location from the District Attorney's Office in San Juan to the Central Office Building of the Investigation Unit in San Juan (la Oficina Central de la División de Asistencia a Victimas y Testigos) ("Central Office").

11. Ms. Casanova-Guzman told Dr. Sierra that, among other things, the restroom doorways on the second floor of the Central Office where she would be assigned to work were too narrow for her to pass through in her wheelchair.

12. When Ms. Casanova-Guzman informed Dr. Sierra that the restrooms at the Central Office were inaccessible to her, Dr. Sierra abandoned the plan to transfer Ms. Casanova-Guzman to the Central Office. Ms. Casanova-Guzman remained in her office location at the District Attorney's Office in San Juan.

13. However, Defendant has required Ms. Casanova-Guzman to attend regular meetings at the Central Office since approximately 2006, and still requires her to do so. The meetings occur approximately two times per month and typically last from 10:00 a.m. until 3:00 p.m.

14. On the day of such meetings, because Ms. Casanova-Guzman cannot use or access the restrooms at the Central Office, she, among other things, refrains from drinking liquids in order to reduce the likelihood of soiling herself.

15. In addition, when Ms. Casanova-Guzman attends meetings at the Central Office, the sole designated accessible parking spot is rarely available; rather, the spot is usually occupied by nondisabled users. As a result, many times Ms. Casanova-Guzman is forced to call building personnel and wait in her vehicle until the cars that are blocking and occupying the designated accessible parking spot can be rearranged to make the spot available for her. On numerous occasions, Ms. Casanova-Guzman informed Dr. Sierra and other Central Office employees, including the Director of the Central Office, about her difficulty parking there.

16. In approximately 2007, Defendant organized an internal committee that was focused on studying and addressing issues related to accessibility. Among other things, the committee created a document in order to help Defendant evaluate the physical accessibility of its office buildings.

17. In 2007, the Defendant conducted surveys to measure the accessibility of its office buildings, including the Central Office. Among other things, the Defendant's survey found that the doorways to the Central Office's second and third floor restrooms were too narrow, the bathroom stalls in the first floor restrooms were too small, and all of the toilets were too high.

18. In approximately January 2009, William Machado, Defendant's Director of Human Resources, contacted Dr. Sierra and informed her that Defendant was considering moving Ms. Casanova-Guzman's office from the District Attorney's Office in San Juan to the Central Office.

19. Defendant did not refer to, review, or consult its 2007 accessibility survey when deciding whether the Central Office would be accessible to Ms. Casanova-Guzman. Moreover, Defendant

did not conduct a separate inspection of the Central Office to ensure that it was accessible to Ms. Casanova-Guzman, nor did Defendant interview Ms. Casanova-Guzman before the transfer to make sure the Central Office was accessible to her.

20. On or about February 25, 2009, Ms. Casanova-Guzman was informed by her employer that she was being permanently relocated to the Central Office.

21. On March 2, 2009, Ms. Casanova-Guzman reported to work at the Central Office. Because of the lack of accessible restrooms, Ms. Casanova-Guzman dehydrated herself in order to avoid the need to urinate. She also took other precautions to avoid soiling herself. Moreover, Ms. Casanova-Guzman struggled to secure the only designated accessible parking spot at the Central Office, which usually involved getting someone to remove the cars of nondisabled individuals that were blocking or occupying the spot.

22. On or about March 11, 2009, because she was emotionally and physically drained and distressed, Ms. Casanova-Guzman informed Dr. Sierra that she could no longer work in the Central Office, and she requested that Dr. Sierra authorize her to seek worker's compensation.

23. Ms. Casanova-Guzman went on sick leave from March 11 to May 29, 2009, during which time she received medical treatment for her distress.

24. On March 23, 2009, Ms. Casanova-Guzman filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging, among other things, that Defendant discriminated against her in violation of the ADA by requiring her to work in an office that it knew was inaccessible to her.

25. In May 2009, Ms. Casanova-Guzman contacted Defendant and requested a meeting regarding her return to work. On May 29, 2009, Ms. Casanova-Guzman met with several of Defendant's employees, including Mr. Machado, and told them about the problems she had encountered due to the inaccessibility of the Central Office.

26. During the meeting, Defendant agreed to transfer Ms. Casanova-Guzman to an office location that was accessible to her. Shortly thereafter, Ms. Casanova-Guzman began working at the District Attorney's office in Fajardo, Puerto Rico.

27. Ms. Casanova-Guzman is still required to attend weekly meetings at the Central Office, where she struggles to secure the sole designated accessible parking spot and where she cannot use the restrooms. Furthermore, she continues to dehydrate herself on the days that she needs to visit the Central Office so that she can reduce the likelihood of soiling herself.

28. Pursuant to 42 U.S.C. § 2000e-5, incorporated by reference in 42 U.S.C. § 12117(a), the EEOC investigated Ms. Casanova-Guzman's charge and found reasonable cause to believe that her allegations of discrimination are true. After attempting unsuccessfully to reach a voluntary resolution of the charge, the EEOC referred the matter to the United States Department of Justice.

## Cause of Action

29. The allegations of the foregoing paragraphs are incorporated herein by reference.

30. The ADA and its implementing regulations define discrimination against a qualified individual on the basis of disability to include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an . . . employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.9.

31. Ms. Casanova-Guzman informed her supervisor, Dr. Sierra, on several occasions that the Central Office's restrooms were inaccessible to her and that the designated accessible parking spot was rarely readily available to her. Moreover, Defendant's own 2007 survey of the physical accessibility of the Central Office revealed multiple barriers to access, including that doorways to the Central Office's second and third floor restrooms were too narrow, bathroom stalls in the first floor restrooms were too small, and toilets in all of those locations were too high.

32. Despite knowing that Ms. Casanova-Guzman is disabled, and being aware of the obvious need for her not to work in an office that has inaccessible restrooms or parking, Defendant transferred her to the Central Office on March 2, 2009, thereby failing to provide her with a reasonable accommodation, in violation of 42 U.S.C. § 12112(b)(5)(A).

33. Despite knowing that Ms. Casanova-Guzman is disabled, and being aware of the obvious need for her not to attend meetings in an office that has inaccessible restrooms or parking, Defendant has required her to attend regular meetings at the Central Office for years, thereby failing to provide her with a reasonable accommodation, in violation of 42 U.S.C. § 12112(b)(5)(A).

34. Ms. Casanova-Guzman has suffered, and continues to suffer, harm as a direct result of Defendant's discrimination, including psychological and emotional distress and humiliation.

35. By failing to provide Ms. Casanova-Guzman with a reasonable accommodation for her known disability, Defendant discriminated against Ms. Casanova-Guzman in violation of 42 U.S.C. § 12112(a) and 29 C.F.R. § 1630.4, as well as 42 U.S.C. § 12112(b)(5)(A) and 29 C.F.R. § 1630.9.

### Prayer for Relief

WHEREFORE, Plaintiff, United States, prays that the Court grant the following relief:

(A)   Enjoin the Defendant from discriminating against qualified individuals with disabilities in regard to job transfers, application procedures, hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment, including but not limited to failing or refusing to make reasonable accommodations to qualified disabled applicants or qualified employees unless the Defendant can demonstrate that the accommodation would impose an undue hardship;

(B)   Provide sufficient remedial relief to make whole the charging party, Ms. Marisol Casanova-Guzman, for the individual loss she has suffered as a result of the discrimination against her, including granting her all of the accommodations needed and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

(C)     Order Defendant to remove all barriers to accessibility at the Central Office Building of the Investigation Unit in San Juan (la Oficina Central de la División de Asistencia a Victimas y Testigos), including making the bathrooms, parking, and routes to and throughout the building accessible, or move the location of the meetings that Ms. Casanova-Guzman attends in such building to another location that provides accessible parking (if parking is provided), accessible restrooms, and accessible routes to and from the meeting place;

(D)     Award compensatory damages to Ms. Casanova-Guzman to fully compensate her for injuries caused by the Defendant's discriminatory conduct, pursuant to and within the statutory limitations of 42 U.S.C.§ 1991a;

(E)     Order Defendant to train its supervisors and human resource staff as to the requirements of the ADA, including, but not limited to, the obligation to provide reasonable accommodations to employees with disabilities; and

(F)     Award such other additional relief as justice may require.

(G)     Plaintiff United States demands a trial by jury.

Respectfully submitted this 11th day of March, 2011.

FOR THE UNITED STATES:

*[signature]*

THOMAS E. PEREZ
Assistant Attorney General
SAMUEL R. BAGENSTOS
Deputy Assistant Attorney General
Civil Rights Division

*[signature]*

RENEE WOHLENHAUS, Acting Chief
KATHERINE NICHOLSON, Acting Deputy Chief
Disability Rights Section
Civil Rights Division

*[signature]*

ALYSE BASS   (USDC-PR Bar No. G01213)
ALBERTO RUISANCHEZ (USDC-PR Bar No. G01214)
Trial Attorney
Disability Rights Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW - NYA
Washington, D.C. 20530
Telephone: (202) 307-0663
Facsimile: (202) 305-9775
Email: alyse.bass@usdoj.gov
Email: alberto.ruisanchez@usdoj.gov